**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| PETER STUART | ) | Case No. 26-00113-ELG |
| | ) | Involuntary Chapter 7 |
| Debtor. | ) | |

**SRS REAL ESTATE PARTNERS, LLC'S OBJECTION TO**
**MOTION TO AUTHORIZE INTERIM TRUSTEE TO CONSUMMATE**
**MICHIGAN LIQUORS SALES TRANSACTIONS**

SRS Real Estate Partners, LLC ("SRS"), by and through its undersigned counsel, hereby objects to the Interim Chapter 7 Trustee's ("Trustee") Motion to Authorize Interim Trustee to Consummate Michigan Liquors Sales (the "Motion"):

1. On February 25, 2026, certain Petitioning Creditors filed an Involuntary Petition against Debtor, Peter Stuart, under Chapter 7, Title 11, of the United States Bankruptcy Code.

2. Through its Motion, the Trustee seeks authority to move forward with the sale of, among other assets, the real property located at 3939 12 St., N.E., Washington, DC 20017 (the "Property") and which is owned by an entity known as OTD 3934 12th Street, LLC ("OTD"). As set forth in the Trustee's Motion and in the Real Estate Contract by and between OTD, as seller, and Peter Cheung, as Purchaser, it is undisputed that SRS is the real estate broker that represented OTD in connection with the sale of the Property.

3. In its Motion, the Trustee seeks to deny SRS its duly earned real estate commission in for the sale of the Property notwithstanding that (a) all parties involved in the sale, including OTD, recognize SRS as OTD's real estate broker and (b) it is undisputed that SRS duly earned a real estate commission should the sale close. See Exhibit A to Motion.

4.  First, the Property is owned by OTD, not the Debtor. As such, it is unclear how Debtor's alleged role as the manager of OTD gives the Trustee the right, in Debtor's bankruptcy case, to control, distribute and direct the proceeds of the sale of OTD's assets. To the extent that Debtor owns a membership interest in OTD or in any of the other entities for which he claims to be the "manager," including Michigan Liquors, LLC, the Trustee is free to sell such membership interest. However, the "assets" of OTD do not constitute property of Debtor's Estate and the Trustee offers no explanation as to how Debtor's title or position as "manager" of OTD transforms the assets of OTD, including the Property, into assets of Debtor's Estate. Debtor may own a membership interest in OTD but he does not own its assets. "A debtor's membership interest in an LLC becomes property of his estate. The assets owned by the LLC, however, do not." *In re: Sanders*, 2026 Bankr. LEXIS 555, p. 5 (United States Bankruptcy Court for the District of Colorado); See also *In re: Nedrick*, 2017 Bankr. LEXIS 886, p. 16 (United States Bankruptcy Court for the Eastern District of Virginia) ("The Court also questions whether the Trustee, in his capacity as chapter 7 trustee for managing member Julia Nedrick, has the authority to liquidate CHN's assets. There is no clear indication that he is authorized to do so, either pursuant to the Operating Agreement or otherwise"). "The Company is a separate entity with its own assets, liabilities and affairs that must be addressed by its manager. The Trustee cannot simply dip his toe into the pool of management responsibilities only as necessary to protect the rights of the members whose interests he otherwise represents." *Id*. at p. 20. Furthermore, "[a] chapter 7 trustee's authority to sell property of the bankruptcy estate pursuant to 11 U.S.C. § 363 does not necessarily extend to the liquidation of assets owned by an LLC not wholly owned by the debtor." *Id* at n. 15.

5.  Under the District of Columbia's "Uniform Limited Liability Company Act of 2010," § 29-801.01 *et seq* (the "Act"), a "Manager" of a limited liability company "means a person that

under the operating agreement of a manager-managed limited liability company is responsible, alone or in concert with others, for performing the management functions stated in §29-801.01(c)." As such, the Act does not bestow upon a "manager" of a limited liability company any ownership interest in the limited liability company (beyond his own membership interest) that would permit the Trustee to declare that the assets of OTD constitute the assets of the Estate and to liquidate the assets of OTD in this proceeding.

6. Although § 11 U.S.C. 721 may authorize the Trustee to "operate the business of the Debtor for a limited period," the Trustee cites no authority which supports the relief requested in the Motion, namely the sale of the assets of the separately organized entity in which Debtor is or was the claimed "manager." OTD is not in the "business" of selling real estate. As such, the sale of OTD's assets, including its Property, does not constitute the operation of OTD's or Debtor's business under §11 U.S.C. 721.

7. In any event, the Act actually precludes the Trustee from managing the limited liability company. The Debtor, by virtue of the bankruptcy filing, has been "dissociated" as the manager of OTD and every other limited liability company for which he served as the "manager." § 29-806.02(7)(A) of the Act (Events causing dissociation) states as follows:

"A person shall be dissociated as a member from a limited liability company when:

(7) In a member-managed limited liability company, the person:
(A) Becomes a debtor in bankruptcy."

Under the Act, once a member becomes "dissociated" from a limited liability company, such person may no longer participate in the "activities and affairs" of the limited liability company. §29-806.02.03(a) of the Act (Effect of person's dissociation as member) sets forth the consequences of a member becoming "dissociated" from a limited liability company. It provides, in pertinent part, as follows:

3

"§29-806.02.03.

    a) When a person is dissociated as a member of a limited liability company:

    **(1)** The person's right to participate as a member in the management and conduct of the company's activities and affairs shall terminate;

    **(2)** If the company is member-managed, the person's duties and obligations under §29-804.09 end with regard to matters arising and events occurring after the person's dissociation; …"

As Debtor's "right to participate as a member in the management and conduct" of OTD - and all other limited liability companies for which he may have been the "manager" - terminated with the bankruptcy filing, the Trustee likewise cannot participate in the management of the "activities and affairs" of OTD. Under the Act, Debtor's "duties and obligations" as the manager of OTD ended when he became a "debtor in bankruptcy" and he lost the right to manage the "activities and affairs" of OTD as a result. D.C. Code §29-806.02.03. Simply put, as the Debtor has no authority to manage the "activities and affairs" of OTD neither does the Trustee. The Trustee, therefore, has no right or authority to proceed with the sale of OTD's real estate and/or any of its other assets.

8. Although SRS disputes the Trustee's claim that it is not entitled to the payment of its agreed upon real estate commission should the sale of OTD's Property move forward, the issue should not be resolved through the Trustee's Motion. Rather, SRS' entitlement to the payment of its real estate commission should be determined in a separate proceeding that would allow SRS' claim to be fully adjudicated on its merits, with the opportunity to conduct discovery. In that regard, if the sale of OTD's real estate is allowed to proceed, the Trustee should hold SRS' $49,250.00 real estate commission in escrow, and not distribute the funds, until such time as a determination is made as to SRS' entitlement to the payment of a real estate commission.

WHEREFORE, upon consideration of the foregoing, SRS Real Estate Partners, LLC respectfully requests that the Court to enter an Order denying the Interim Chapter 7 Trustee's

Motion to Authorize Interim Trustee to Consummate Michigan Liquors Sales and for such other and additional relief as the Court may deem proper and just.

Dated: 05/06/26                              Respectfully submitted,

**ALBERT & SCHULWOLF, LLC**

By:   /s/Andrew B. Schulwolf
      Andrew B. Schulwolf, #446644
      110 North Washington Street
      Suite 300
      Rockville, Maryland 20850
      (301) 519-1919 (office)
      (301) 519-9222 (fax)
      andrew@albertandschulwolf.com
      Counsel for SRS Real Estate Partners, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of SRS Real Estate Partners, LLC's Objection was served via the Court's CM/ECF filing system on the 6th day of May 2026 upon all persons receiving notices via the court's CM/ECF system including:

> Dylan G. Trache, Esq.
> Nelson Mullins Riley & Scarborough LLP
> 901 15th Street, N.W., Suite 1200
> Washington, DC 20005
>
> Michael T. Freeman
> Office of United States Trustee
> 1725 Duke Street, Suite 650
> Alexandria, Virginia 22314

And was served via U.S. Mail, postage prepaid, on the below parties:

> Horacio Chacon, Capital Bank, NA
> 2275 Research Blvd, Suite 600
> Rockville, Maryland 20850
>
> Mick Crawford
> Capital Bank Credit Department
> 8450 Falls of Neuse Road, Suite 102
> Raleigh, NC 27615

Matthew Gorman
JD District Business Brokers, LLC
7208 Spruce Avenue
Takoma Park, Maryland 20912

Tom Hannon
KM DMV, LLC
39 Stepney Lane, #1012
Edgewater, Maryland 21037

Peter Stuart
35 Parker Row SW
Washington, DC 20024

Peter Stuart
1255 Union Street, NW,
7th Floor #16
Washington, DC 20002

/s/Andrew B. Schulwolf
Andrew B. Schulwolf